UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| INES ALFRED GARCIA, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) |
| | ) CASE NO.  CV 08-B-1258-NE |
| FLETCHER KILLINGSWORTH, | ) |
| *et al.*, | ) |
| | ) |
| DEFENDANTS. | ) |
| | ) |

**MEMORANDUM OPINION**

This case is before the court on Motions to Dismiss Garcia's complaint filed by defendant City of Huntsville, Alabama (doc. 4) and by defendant Fletcher Killingsworth (doc. 5).[1]  The Complaint is a "shotgun" pleading, with multiple claims contained in three of its four counts, and with all facts incorporated into all counts *en masse*.  (Doc. 1.) Such a style of pleading is not appropriate in the courts of the this circuit.  *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Comm.*, 77 F.3d 364, 367 (11th Cir. 1996) (elaborating numerous objections to shotgun pleading).

As the court indicated at the close of oral argument on the motion, and for the reasons elaborated below, Garcia's complaint will be dismissed in its entirety.  However, leave will be granted for Garcia to replead viable claims in conformity with the Federal

---

[1]   "Doc. __" refers to the document number that the Clerk of the Court assigns to a filing when it is made.

Rules of Civil Procedure, especially Federal Rules 8, 10, and 11.

### I. MOTION TO DISMISS STANDARD

In addition to an assertion of the grounds for the court's jurisdiction and a demand for relief, a pleading that states a claim must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In considering a defendant's motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules, the court must accept the factual allegations presented in the complaint as true and construe them in the light most favorable to the plaintiff. Fed. R. Civ. P. 12(b)(6); *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). The Supreme Court has recently explained that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964–65 (2007) (internal citations omitted) (bracketed alteration in original). In essence, then, the Supreme Court has held that a motion to dismiss must be denied when "[plaintiffs' claims] may be supported by showing any set of facts consistent with the allegations in the complaint." *See Twombly*, 127 S.Ct. at 1969 (substantively rephrasing

and thereby broadening the "no set of facts" dismissal standard that was the Supreme Court's previous precedent in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).

## II. STATEMENT OF FACTS

Briefly, the facts, taken from the complaint (doc. 1, ¶¶ 8-33) and assumed to be true for purposes of a motion to dismiss, are as follows:

On August 19, 2006, Garcia and his cousin were exiting the Von Braun Center in Huntsville, Alabama when they witnessed police arresting a man. Garcia observed the arresting officer (apparently not Investigator Killingsworth) "being unnecessarily physical" with the arrestee and remarked to his cousin: "That's police brutality." (Doc. 1, ¶11.) The arresting officer demanded that Garcia repeat the remark, but Garcia kept walking. Investigator Killingsworth then followed Garcia and repeatedly yelled to him to clarify his statement.

Killingsworth caught up to Garcia 50 yards from the scene of the arrest that occasioned Garcia's remark, where he again repeated his demand for Garcia to explain himself. Garcia told Killingsworth that the remark was not directed at him, but Killingsworth arrested Garcia on a charge of public intoxication. In handcuffing Garcia, Killingsworth twisted Garcia's arm until it "made a popping sound, tearing the tendon in Mr. Garcia's elbow." (Doc. 1, p. 3.) Garcia offered no resistance at all to the arrest, and the charge was nol-prossed. (Doc. 1, ¶18 and ¶26.) The torn tendon required surgery and a permanent injury remains. Other facts pled detail Killingsworth's mistreatment of

Garcia at the police station as well.

### III. <u>DISCUSSION</u>

**A. COUNT I (§1983 Claims against Killingsworth)**

"Count I"[2] of Garcia's complaint presents claims under 42 U.S.C. §1983 ("§1983") against Killingsworth in his individual capacity.  As filed, Garcia alleged both Fourth and Fourteenth Amendment violations as the bases for bringing §1983 claims.  Count I alleges assault, battery, unreasonable search and seizure, false arrest, false imprisonment, malicious prosecution, and deprivation of liberty without due process of law, as well as deliberate indifference.  Thereafter, Count I (doc. 1, ¶37) alleges Killingsworth deprived Garcia of his Fourth and Fourteenth Amendment rights.  Garcia did not plead an "excessive force" claim by name in this count, apparently instead relying on the use of that phrase in his Statement of Facts. (Doc. 1, ¶20.)

Garcia (doc. 9, ¶2) now concedes that his "[§]1983 claims are actionable solely under the Fourth Amendment . . . instead of the Fourteenth Amendment." (Doc. 9, ¶2.)  Thus, insofar as Count I relied on the Fourteenth Amendment, all such claims are due to be dismissed.

---

[2]   The complaint Garcia filed included no caption with the first count; context, however, indicates that ¶¶ 35-38 of the complaint were intended as such, and for purposes of this opinion, that is how the court has construed those paragraphs. (*See* Doc. 1.)

4

As to the remainder of Count I, Killingsworth seeks the dismissal of two claims. First, Killingsworth seeks the dismissal of what he has termed "[p]laintiff's unreasonable-search claim." (Doc. 5, ¶1.) Second, Killingsworth seeks the dismissal of what he has construed as Garcia's Fourth Amendment excessive force claim. (Doc. 5, ¶2.)

### 1. Putative Unreasonable Search Claim

The defendants allege Garcia has brought a discrete "unreasonable search" claim. It is due to be dismissed as moot because the complaint makes no such claim. Garcia's complaint (doc. 1, ¶36) merely states that "Killingsworth unreasonably searched and seized the Plaintiff," but no facts pled by Garcia suggest a "search" distinct from the unreasonable seizure that Garcia did plead. That portion of the complaint just quoted is the only instance in the complaint where Garcia even used the word "search," and the court construes it as a simple recital of Fourth Amendment language, not a discrete claim.[3]

### 2. Putative Excessive Force Claim

Killingsworth also seeks the dismissal of what he has described as Garcia's Fourth Amendment excessive force claim. (Doc. 4, ¶2; Doc. 6, pp. 5-11.) Killingsworth seeks to dismiss this claim on two separate grounds. First, he argues

---

[3]   Furthermore, in the three case excerpts that Killingsworth quotes on this very issue, each expressly includes the phrase "unreasonable search and seizure" without making any distinction between the two. (Doc.6, pp.4-5.)

that Garcia's excessive force claim is not a discrete claim if (as Garcia has alleged) his arrest lacked probable cause.  Alternatively, Killingsworth argues that even assuming Garcia's arrest was *not illegal* such that *he could* bring a discrete excessive force claim, Garcia fails to state a claim under the facts he has alleged because Killingsworth only used *de minimis* force. (Doc. 6, p. 7.)  Killingsworth's first argument does supply a valid ground to dismiss Garcia's excessive force claim, at least as the complaint is now drafted.  His second argument, however, is unpersuasive.

      The court considers the second of the two first, taking account of the relevant law and facts that have been pled to determine whether Garcia could show a set of facts consistent with his complaint under which he would have a right to recover.  In the Eleventh Circuit, it is well established that: "[t]he use of excessive force in carrying out an arrest constitutes a violation of the Fourth Amendment.*"* *Rodriguez v. Farrell,* 280 F.3d 1341, 1351 (11th Cir. 2002) (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989)).  Any force used to make an arrest that lacks probable cause is excessive, but, in such a situation, the false arrest claim subsumes the excessive force claim. *Jackson v. Sauls*, 206 F.3d 1156, 1171 (2000) (citing *Williamson v. Mills*, 65 F.3d 155, 158-59 (11th Cir. 1995)). ("*Williamson's* rule makes sense because if a[n] . . . arrest is illegal, then there is no basis for . . . any use of force, and an excessive force claim would always arise but only collaterally

6

from the illegal... arrest claim."). In contrast, when an officer makes a lawful arrest, one for which he has probable cause, but uses more force than is objectively reasonable under the circumstances, then excessive force may stand as a discrete claim. *Jackson,* 206 F.3d at 1170.

Killingsworth, arguing that the force he used was *de minimis*, cites a number of cases in which the injuries plaintiffs suffered at the hands of the officers who handcuffed them during legitimate arrests– including an injury that ultimately resulted in the amputation of plaintiff's arm– did not amount to excessive force. (Doc. 6, pp. 5-11.) None of the cases cited in Killingsworth's brief on this issue, however, involved a motion to dismiss. With the exception of the three criminal appeals cases that he cites, every case cited in support of dismissal of an excessive force claim involved summary judgement.[4] *See id.*

Garcia's complaint alleges Killingsworth arrested him without probable cause (*see* doc. 1, ¶17) and that Killingsworth used excessive force when he tore a tendon in Garcia's arm while handcuffing him. (Doc. 1, ¶20.) At this stage of the litigation, the court is not in a position to hold that Garcia cannot show a set of facts consistent with the allegations in his complaint that would entitle him to recover for

---

[4] Killingsworth's lone reference to any case involving a motion to dismiss was an internal citation he preserved in his citation to *Graham v. Connor*, 490 U.S. 386, 397 (1989). (Doc. 6, p. 5.) And the case *Graham* quoted *reversed* a district court's 12(b)(6) dismissal of plaintiff's complaint. *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973), *cert. denied*, 414 U.S. 1033, (1973), *abrogated on other grounds* by *Graham,* 490 U.S. at 386-87.

excessive force. Assuming that Killingsworth had probable cause to arrest Garcia, and that Garcia is able to plead that in the alternative, but taking all other facts pled as true, the court is left with a suspect who offered no resistance to his arrest and an arresting officer who appears to have inflicted an unreasonable amount of harm on him. Under such facts, Garcia would state an excessive force claim. Put another way, that an officer handcuffs an arrestee immediately after he unreasonably inflicts a serious injury on a suspect does not mean the resulting excessive force allegation fails to state a claim.

Because Garcia has not properly pled in the alternative, however, his Fourth Amendment excessive force claim is due to be dismissed. Leave to amend the complaint will be granted so that Garcia may state a discrete excessive force claim in the alternative scenario that Killingsworth had probable cause[5] to arrest him.

**B. Count II (False Imprisonment) and Count III (Assault and Battery) against the City.**

These two counts allege violations of state tort law by Killingsworth, as well as the City's vicarious liability for those alleged violations. The City has moved to

---

[5] The case law, in describing false arrests, refers to arrests made without "probable cause" and without "arguable probable cause." The distinction between the two, if any, may be an issue down the road. In the context of a claim for false arrest, an officer is entitled to qualified immunity where that officer had "arguable probable cause," that is, where "reasonable officers in the same circumstances and possessing the same knowledge as the Defendants could have believed that probable cause existed to arrest" the plaintiff. *Davis v. Williams*, 451 F.3d 759, 762 (11th Cir. 2006) (citing *Kingsland v. City of Miami*, 382 F.3d 1220, 1232 (11th Cir. 2004).)

dismiss the assault and battery count and the false imprisonment count against it "to the extent based on any non-negligent conduct." (Doc. 6, pp.15-18.) Garcia now concedes this point. (Doc. 9, ¶1: "For [these causes of action] against COH, the Defendant is correct that it can only be responsible for negligent conduct." (citations omitted)).

Alabama law permits a municipality to be held vicariously liable for its agent's conduct only when such a claim against the agent is based on negligence. Ala. Code §11-47-190; *Romero v. City of Clanton*, 220 F. Supp. 2d 1313, 1319. Recklessness, and wanton or willful conduct, cannot be the basis of the City's liability. *See* Ala. Code §11-47-190; *Romero, 220* F. Supp. 2d at 1319.[6] Because Garcia concedes the City's argument on this issue (doc. 9, ¶1), the City's motion to dismiss these two counts, to the extent they are predicated on conduct other than negligence, is due to be granted.

The City, however, broadened its argument in its reply brief by stating that

---

[6]   Killingsworth can only be liable for his willful bad acts because of the "peace-officer immunity" that Ala. Code. §6-5-338(a) provides. At this stage, claims against both the City and Killingsworth are tenable. If Garcia can prove the willfulness of Killingsworth, it will foreclose any recovery against the City because of another statutory limitation, namely, Ala. Code §11-47-190, which limits municipal liability for its agent's conduct to negligence. If Garcia can prove only the negligence of Killingsworth, the City will be liable for its agent's conduct, but Killingsworth himself will be immune because the peace-officer immunity provided by §6-5-338(a) protects him from liability for his own negligence. *See Borders v. City of Huntsville*, 875 So.2d 1168, 1178 (Ala. 2003) (unless officer acted with willful or malicious intent or in bad faith, immunity applies to the officer).

both Garcia's false arrest claim and his assault and battery claim should be dismissed with prejudice in their entirety. (Doc. 10, p.1.) The City quotes Garcia's response (doc. 9) for the proposition that the City "can only be liable for negligent conduct as a matter of law," and–without citation to any authority–the City immediately thereafter states: "Consequently, the false-imprisonment claim and assault and battery claim . . . must be dismissed with prejudice." (*Id.*)

The City's argument omits a necessary step– establishing that Alabama courts do not recognize any species of negligence-based false arrest or assault and battery. To the contrary, they do. Alabama courts have held that a claim against a municipality alleging that its police officer used excessive force in making an arrest may be cognizable under Ala. Code §11-47-190 as a negligent assault and battery, on the apparent rationale that the amount of force used by an officer was greater than that which a skilled or proficient officer would use in similar circumstances. *Franklin v. City of Huntsville*, 670 So.2d 848, 852-53 (Ala. 1995) (reversing summary judgement for city); *City of Birmingham v. Thompson*, 404 So.2d 589, 590 (Ala. 1981) (affirming jury verdict against city); *see also Swift v. City of Birmingham*, CV 01-1539-SLB (N.D. Ala. 2003) (unpublished).

Similarly, a false arrest claim against a municipality can be based on conduct that is "less than intentional." *Romero v. City of Clanton*, 220 F. Supp. 2d 1313, 1319 (M.D. Ala. 2002) (citing generally *Franklin v. City of Huntsville*).

Thus, the City's original motion to dismiss with prejudice claims against it "to the extent they are based on any non-negligent conduct" (doc. 4) is due to be granted, but its expanded argument that those claims be dismissed in their entirety is due to be denied.

An order consistent with this memorandum opinion will be entered contemporaneously with it.

**DONE**, this the 23rd day of February, 2009.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE